**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**ALLYN D. SMITH,**

                       **Plaintiff,**

             **-v-**                                                                       **08-CV-0753A(Sr)**

**NORTH AMERICAN ENERGY SERVICES,**

                       **Defendant.**

---

**DECISION AND ORDER**

Plaintiff has applied to the Court for appointment of counsel pursuant to 42 U.S.C. § 2000e-5(f)(1).  Dkt. ##11 and12.

Under 42 U.S.C. § 2000e-5(f)(1), the Court may appoint counsel "in such circumstances as the court may deem just."  It is clear that assignment of counsel in this matter is within the judge's discretion.  *Jenkins v. Chemical Bank*, 721 F.2d 876 (2d Cir. 1983).  The factors to be considered in the Second Circuit in deciding whether or not to assign counsel are set forth in *Jenkins* and include consideration of the following matters:  the plaintiff's ability to afford a private attorney; the efforts taken by the plaintiff to obtain a lawyer; the availability of counsel in the geographical area and the plaintiff's possible skill or lack of skill at obtaining such help as well as the number of contacts with potential counsel; examination of the merits of the plaintiff's case (according appropriate weight to the conclusion of the Equal Employment Opportunity Commission

(the "EEOC")); plaintiff's ability to gather and present crucial facts; and the complexity of the legal issues raised in the complaint.  *Id*. at 880.

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause."  *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989).  Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *Cooper*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor."  *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law.  Plaintiff has filed two separate motions seeking the appointment of counsel.  Dkt. ##11 and 12.  With the exception of listing the calls he made in an effort to locate an attorney to represent him, plaintiff offers nothing in support of his first motion to appoint counsel.  Dkt. #11, p.4.  In support of his second motion to appoint counsel, plaintiff states that he contacted various law firms and was advised, "1) the case is too far along, 2) the case won't win, 3) the price, 4) told seek private attorney."

Dkt. #12.   Plaintiff's amended complaint alleges that he was harassed on the basis of unequal terms and conditions of his employment and that his employer was negligent with respect to the reported harassment.  Dkt. #6.  The facts of the matter are not complex and plaintiff has not demonstrated to the Court that he is unable to present them to the Court.  While the Court acknowledges the potential difficulty of proceeding *pro se* in this matter, these difficulties do not appear to be substantively different than those of most other litigants who appear *pro se*.  In addition, the Court notes that there are a very limited number of area attorneys willing and able to handle employment discrimination cases on a *pro bono* basis.  As a result appointment of counsel is not warranted at this time.  It is the plaintiff's responsibility, therefore, to retain an attorney or press forward with this action *pro se*.  28 U.S.C. § 1654.

       **SO ORDERED**.

Dated:      Buffalo, New York
              March 24, 2009

                                            **s/ H. Kenneth Schroeder, Jr.**
                                            **H. KENNETH SCHROEDER, JR.**
                                            **United States Magistrate Judge**